

NUMBER 13-15-00611-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**THE STATE OF TEXAS,**                                                          **Appellant,**

**v.**

**KENNETH LEE COOLEY JR.,**                                              **Appellee.**

### On appeal from the 377th District Court of
### Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

The State of Texas ("the State") appeals the trial court's order granting Kenneth

Lee Cooley Jr.'s ("Cooley") motion to dismiss for violation of his right to a speedy trial.

*See* U.S. CONST. amend. VI.  On appeal, the State argues that the trial court erred in

granting Cooley's motion to dismiss because Cooley's right to a speedy trial was not

violated. For the reasons stated below, we find that the trial court erred in finding a violation of Cooley's right to a speedy trial. We reverse and remand.

## I. BACKGROUND

Cooley was first indicted on December 18, 2014 in cause number 14-12-28405-A for the offense of manufacture/delivery of a controlled substance (methylenedioxy methamphetamine, commonly known as "ecstasy") in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112, 481.134(b) (West, Westlaw through 2015 R.S.). On January 9, 2015, Cooley asked the court for a continuance so that he could retain an attorney. On January 20, 2015, Cooley's case was reset to February 17, 2015 to give him additional time to find an attorney. On February 17, 2015, Cooley again requested more time to hire an attorney. The case was then reset to April 14, 2015. On April 14, 2015, Cooley requested more time to hire an attorney. At the April 14th hearing, the court asked Cooley directly if he still intended to hire an attorney. The record reflects that Cooley responded, "Yeah I guess so." The case was reset to July 8, 2015. On July 8, 2015, a court-appointed attorney represented Cooley. At this hearing, Cooley complained that his court-appointed attorney had only seven months of experience. In addition, the State filed a motion to dismiss so that the case could be refiled because the indictment contained an error: the indictment erroneously alleged that Cooley was in possession of methylenedioxy methamphetamine instead of alleging that he was in possession of methamphetamine. Cooley did not raise any objections over the case being reset, and the trial court dismissed the case.

Fifteen days later, on July 23, 2015, the State re-filed the charge against Cooley under cause number 15-07-28842-A. In the new indictment, Cooley was charged with actual delivery of methamphetamine. On August 17, 2015, both the State and Cooley's

court-appointed attorney agreed to reset the case to September 15, 2015. Cooley complained again, this time stating that his attorney possessed insufficient experience with criminal law to adequately represent him. On October 28, the State filed a motion to amend the indictment. The State moved to amend the indictment because of another error: in writing the second indictment against Cooley, the language was accidentally changed to erroneously allege that he was charged with actual delivery instead of manufacture/delivery. Cooley's court-appointed counsel objected to the motion. The State then filed a motion to dismiss, which was granted. The court told Cooley that no new bond would be required and that the court would entertain a waiver of arraignment.

On October 29, 2015, Cooley was charged by indictment in the current case under cause number 15-10-28984-D. The final indictment alleged that Cooley possessed with intent to deliver methamphetamine in a drug-free zone and that he had a previous conviction for a controlled-substance offense in a drug-free zone.

On December 15, 2015, Cooley's case was called for a motion's docket. At this hearing, Cooley orally moved to have the charges against him dismissed because of a speedy trial violation. This was the first time Cooley had raised speedy trial concerns. The court did not ask for any showing of prejudice during the hearing, but noted that: (1) the case had been reindicted several times; (2) Cooley had come to court several times; (3) Cooley had been to court on jury trial announcement dates; (4) "the first indictment has completely different elements than the second"; and (5) Cooley "was frustrated with his attorney and having to present himself to court." The trial court then granted Cooley's motion to dismiss based on a violation of his right to a speedy trial. This appeal followed.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The United States Supreme Court has laid out four factors that a court should consider in addressing a speedy-trial claim:  (1) the length of the delay, (2) the State's reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant because of the length of the delay.  *Barker v. Wingo*, 407 U.S. 514, 530 (1972).  Texas courts apply the same four-factor balancing test to evaluate alleged violations of the state constitutional right to speedy trial.  *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002).  No single factor of the balancing test in *Barker* is dispositive.  *Barker*, 407 U.S. at 533.

Texas courts review motions to dismiss using a bifurcated standard of review:  an abuse of discretion standard for the factual components and a *de novo* standard for the legal components.  *Zamorano*, 84 S.W.3d at 648.  In the present case, there are no factual disputes; thus, the trial court's legal conclusions must be reviewed *de novo.  See id.*

## III. DISCUSSION

On appeal, the State argues that Cooley failed to establish a prima facie showing of prejudice and the trial court erred in finding a violation of Cooley's right to a speedy trial.  We address each of the four *Barker* factors in our analysis.

### A.  The Length of the Delay

The first *Barker* factor considers whether the length of the delay before trial was uncommonly long.  *Barker*, 407 U.S. at 530.  The length of the delay between an initial charge and trial, or the defendant's demand for a speedy trial, acts as a triggering mechanism to begin the *Barker* analysis.  *Zamorano*, 84 S.W.3d at 648.  A delay of eight months or longer is generally considered presumptively unreasonable and triggers a speedy trial analysis.  *Id.* at 649 n. 26.

4

Here, Cooley's first indictment relating to this case was issued on December 18, 2014.[1]   He first asserted his right to a speedy trial had been violated at a hearing approximately one year later on December 15, 2015.   The State agrees that this is presumptively unreasonable; thus, the first *Barker* factor favors Cooley.

## B.  The State's Reason for the Delay

In reviewing the second *Barker* factor, courts consider "whether the government or the defendant is more to blame for that delay."  *Barker,* 407 U.S. at 530. Courts are to weigh the comparative fault of the parties by analyzing the reasons for the delay.  *See id.* A deliberate or bad faith prosecutorial delay will weigh heavily against the State, neutral reasons such as simple negligence will weigh very slightly against the State, and a valid justification for delay will not weigh against the State at all.  *See id.* at 531.

Cooley does not assert that the portion of the delay caused by the State was due to a bad faith attempt to delay the trial.  The first indictment alleged possession of the wrong controlled substance, and the State quickly re-indicted Cooley fifteen days after the dismissal of the first case.  Likewise, the second indictment wrongly alleged actual delivery instead of possession with intent to deliver.  Once the second case was dismissed, the State re-indicted Cooley the next day with the final indictment. Regardless, Cooley asserts that the State still bears the majority of the responsibility for the delay through its negligence in drafting the indictments.

However, the State was not the only source of delay.  The case was delayed and reset a total of four times at Cooley's request so that he could find an attorney.  These

---

[1] We note a small error in the trial court's Order Dismissing Cause for Violation of Speedy Trial. The Order stated that Cooley's first indictment was issued on December 14, 2014, but the record reflects that his first indictment was actually issued on December 18, 2014.

four resets delayed the case from January 9, 2015 to July 8, 2015. Thus, nearly six months of the total twelve-month delay was caused by Cooley's own delay in securing an attorney. Cooley states that he should not be punished for attempting to hire his own attorney. He is not being punished for seeking an attorney, but we also cannot hold the State accountable for delays Cooley caused. *See id.*; *see also Wade v. State*, 83 S.W.3d 835, 839 (Tex. App.—Texarkana 2002, no pet.) (observing that there was no speedy trial violation when the defendant was directly responsible for a large portion of the delay). While it is true that the State was responsible for a portion of the twelve-month delay, Cooley himself was responsible for a larger portion of the delay, and another month of delay was due to the unexplained mutual agreement of both parties. Therefore, we conclude that overall, the second *Barker* factor favors the State.

## C. The Defendant's Assertion of His Right to a Speedy Trial

The third *Barker* factor is whether the defendant timely asserted his right to a speedy trial. *See Barker,* 407 U.S. at 530. The failure to request a speedy trial before seeking dismissal "supports an inference that the defendant does not really want a trial, he wants only a dismissal." *See Ortega v. State*, 472 S.W.3d 779, 786 (Tex. App.—Houston [14th Dist.] 2015, no pet.). If a defendant fails to first seek a speedy trial before seeking dismissal of the charges, "he should provide cogent reasons for this failure." *Id.* Twelve months after being initially charged, Cooley asserted his right to speedy trial for this first time. Cooley moved to dismiss the charges without first requesting a speedy trial and he offered no "cogent" reasons as to why he deserved a dismissal rather than a trial date. *Id.* We find that the third *Barker* factor strongly favors the State because the record supports the inference that Cooley was more interested in dismissing the case than actually receiving a speedy trial. *See id.*

6

## D. Prejudice to the Defendant Because of the Length of the Delay

The fourth *Barker* factor considers prejudice suffered by the accused due to the length of delay. We assess this prejudice "in light of the interests" which "the speedy trial right [is] designed to protect." *State v. Munoz*, 991 S.W. 2d 818, 826 (Tex. Crim. App. 1999). These interests are: (1) preventing oppressive pretrial incarceration; (2) minimizing the anxiety and concern of the accused; and (3) limiting the possibility that the accused's defense will be impaired. *Id.* Of these sub-factors, the third is the most important. *Id.* If the defendant makes a prima facie showing of prejudice, then the burden shifts to the State to show that the defendant suffered no serious prejudice. *Id.*

Cooley claims that the State failed to show that he suffered no serious prejudice beyond that which ensues from the ordinary and inevitable delay of the judicial system. *See id.* However, the defendant must first make a prima facie showing of prejudice in order for the State to have the obligation to prove that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. *See id.* Throughout numerous hearings spanning a year, Cooley never argued that he was suffering prejudice because of the delay. He presented no evidence that he was subject to oppressive pre-trial incarceration or excessive anxiety and concern. He also made no argument and raised no evidence that his defense in the case was somehow impaired by the delay.

Furthermore, all of the reasons the trial court listed for granting Cooley's motion to dismiss are either unsupported by the record or irrelevant to a speedy trial analysis. The fact that the case had been re-indicted several times, standing alone, does not offer any insight into whether Cooley's right to a speedy trial was violated. *See Barker*, 407 U.S. at 531–33. Likewise, the fact that Cooley came to court several times and was present

on the jury trial announcement dates is inapposite in a speedy trial analysis. *See id.* Also, it does not matter that the second indictment erroneously accused Cooley of actually delivering a controlled substance whereas the first and final indictments alleged that Cooley possessed/manufactured with intent to deliver. Actual delivery or possession with intent to deliver are two methods of committing the same statutory offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112. Thus, the error in the indictment would not have affected Cooley's ability to adequately prepare a defense. Finally, it is not pertinent that Cooley was frustrated with his attorney. We have found no case law suggesting that this should weigh against the State in a speedy trial analysis. We conclude that Cooley failed to present a prima facie case of prejudice as a result of the delay. *See Munoz*, 991 S.W. 2d at 826. Therefore, the fourth *Barker* factor strongly favors the State.

### E. Balancing the Four Factors

Having balanced the *Barker* factors, we conclude that the record does not support the trial court's ruling. Although the twelve-month delay was sufficient to trigger a speedy-trial analysis, Cooley failed to make a prima facie showing of prejudice and at least half of the delay was directly attributable to Cooley himself. Furthermore, the delay attributable to the State was merely the result of negligence rather than a bad faith attempt to delay the trial. *See Barker*, 407 U.S. at 531. Accordingly, we hold that Cooley was not denied his right to a speedy trial. It was an error to dismiss the case. We sustain the State's sole issue.

### IV. CONCLUSION

We reverse the trial court's order dismissing the case and remand to the trial court for further proceedings consistent with this opinion.

8

NORA L. LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of September, 2016.